**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FREDDIE L. WAGNER, JR.**                                        **CIVIL ACTION**

**VERSUS**                                                                 **NO. 25-1672**

**AT&T SERVICES, INC.**                                          **SECTION "P" (5)**

## <u>ORDER AND REASONS</u>

Before the Court is the Report and Recommendation of United States Magistrate Judge Michael North.[1]  The Report and Recommendation recommends that the Rule 12(b)(6) Motion to Dismiss (R. Doc. 11) filed by Defendant, AT&T Services, Inc., be granted and that Plaintiff's claims be dismissed without prejudice for failure to state a claim.[2] The Report and Recommendation also recommends allowing Plaintiff 30 days within which to amend his Complaint.[3] Plaintiff timely filed written objections to the Magistrate Judge's recommendation, arguing that the Magistrate Judge misunderstands the facts alleged and misapplies the law.[4] In that filing, Plaintiff requests that this Court reject the recommendation of dismissal, or, "at minimum," grant him leave to amend.[5]

The Court has conducted a de novo review[6] of the motion to dismiss,[7] the opposing memoranda and filings in support thereof,[8] the report and recommendation,[9] the objections to the report and recommendation,[10] and the applicable law.  After a thorough review, the Court

---

[1] R. Doc. 20.
[2] *Id.* at 12.
[3] *Id.* at 13.
[4] R. Doc. 21.
[5] *Id.* at 2.
[6] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (requiring a district judge to determine *de novo* any part of the magistrate judge's disposition that has been properly objected to).
[7] R. Docs. 11.
[8] R. Docs. 10, 13, 14, 18, 19.
[9] R. Doc. 20.
[10] R. Doc. 21.

concludes the Magistrate Judge's recommendation should be adopted because Plaintiff fails to state a claim for relief for the reasons stated by the Magistrate Judge in his Report and Recommendation. Indeed, upon de novo review, this Court comes to the same conclusion as the Magistrate Judge for the same reasons.

This action was initiated in Louisiana state court when Plaintiff, Freddie Wagner, filed a Petition for Damages, asserting various arguments and state law claims.[11] Defendant, AT&T Services, Inc., subsequently removed the action to this Court based on diversity subject matter jurisdiction.[12] Plaintiff's state law claims include trespass, negligence, property damage, invasion of privacy, and emotional distress.[13] These causes of action stem from allegations that an AT&T field technician performed "unauthorized utility work" on Plaintiff's property.[14] The Magistrate Judge found, as AT&T argued in its motion to dismiss, that public records indicate that Plaintiff's property is encumbered by a utility servitude, which gives utility companies, like AT&T, access to the property encumbered by the servitude to install, maintain, and repair essential infrastructure.[15]

While Plaintiff does not acknowledge a servitude in his state court petition, he concedes that a servitude exists on or around his property in his objections.[16] Instead, his "core objection" is that the Magistrate Judge's Report and Recommendation "conflates" two separate servitudes, or "utility areas."[17] The thrust of Plaintiff's objections appears to be that the work performed by AT&T occurred on property not encumbered by the servitude,[18] and that to the extent the work

---

[11] R. Doc. 1-1.
[12] R. Doc. 1.
[13] R. Doc. 1-1 at 7–8.
[14] *Id.* at 4.
[15] R. Doc. 20 at 5.
[16] R. Doc. 21 at 2–3.
[17] *Id.* 2–4.
[18] *Id.*

occurred on encumbered property, the work exceeded the scope and manner of the servitude.[19] He argues that the true location and scope of access/work are disputed factual questions that are improper for resolution at the pleading stage.[20]

The U.S. Court of Appeals for the Fifth Circuit has indicated that allegations raised for the first time in objections to a magistrate judge's report and recommendation are not properly before the district court.[21] Thus, Plaintiff's allegations concerning a servitude or utility area separate from the servitude or utility area mentioned in the motion to dismiss, opposition, and the Magistrate Judge's Report and Recommendation, arguably, are not properly before this Court and therefore need not be considered. But even if this Court were to consider the new allegations and arguments, in light of Plaintiff's *pro se* status,[22] the new allegations do not support a claim for relief.

Starting with the trespass claim, Plaintiff argues that the "existence of a servitude does not automatically defeat trespass where Plaintiff alleges that the utility company or its contractors exceeded the scope of any servitude rights or exercised them in a manner beyond what is reasonably necessary."[23] In support of that argument, he alleges that the utility pole in question is located in his fenced backyard and that he did not give permission or receive notice of entry into his fenced backyard.[24]  But the Court is aware of no law that requires the dominant estate owner to give notice to the servient estate owner when the dominant estate owner is accessing the servitude.[25] In fact, Louisiana law explicitly contemplates situations like the one alleged here: "The

---

[19] *Id.* at 4–5.
[20] *Id.* at 4.
[21] *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994); *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001).
[22] *See Moler v. Wells*, 18 F.4th 162 (5th Cir. 2021) ("The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint.") (reviewing district court's implicit denial of motion to amend complaint for abuse of discretion when pro se plaintiff raised a claim for the first time in his objection to the magistrate judge's report and recommendation).
[23] R. Doc. 21 at 4.
[24] *Id.* at 4–5.
[25] *Cf.* LA. CIV. CODE art. 745; La. R.S. § 9:1282.

owner of the dominant estate has the right to enter with his workmen and equipment into the part of the servient estate that is needed for the construction or repair of works required for the use and preservation of the servitude."[26]  And although the question of whether one has exceeded the scope of a servitude may involve factual issues, Plaintiff's objection that AT&T exceeded the scope of the utility servitude lacks factual support.[27]

Next, the Court addresses Plaintiff's negligence and property damage claims. Regarding the negligence claim, the Magistrate Judge found that Plaintiff failed to plead actual harm as Plaintiff points only to hypothetical harms.[28] In his objection, Plaintiff alleges additional "resulting harm including disturbed soil, suspected unauthorized telecom work inside his fenced yard, and property impacts that Plaintiff attributes to the unauthorized activity."[29] Not only does this Court agree with the Magistrate Judge that many of Plaintiff's harms are speculative, but the alleged harms also are not legally cognizable losses.[30] To plead a negligence claim under Louisiana law, the complaint must allege facts supporting a reasonable inference that the property sustained some compensable injury.[31] And the allegations here, namely the disturbed soil and property impacts, do not sufficiently allege harms that are capable of repair.[32]

Turning to Plaintiff's claim for property damage, the Magistrate Judge found that there are not enough facts to raise a reasonable expectation that discovery will reveal evidence that AT&T caused damage to Plaintiff's property.[33] Plaintiff's objection to this finding merely re-explains the

---

[26] La. Civ. Code art. 745.
[27] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").
[28] R. Doc. 20 at 7.
[29] R. Doc. 21 at 5–6.
[30] *See Bourgeois v. A.P. Green Indus., Inc.*, 97-3188 (La. 7/8/98), 716 So. 2d 355, 357–58.
[31] *Id.*
[32] *Id.*; *see also* LA. CIV. CODE art. 2315.
[33] R. Doc. 20 at 8.

existence of two different utility areas and contends that the area used as justification for AT&T's alleged entry or work is not the location where the alleged excavation occurred.[34] But this argument does not provide any additional facts in support of his argument that AT&T caused the patched brickwork. Therefore, Plaintiff fails to plead sufficient claims for negligence and property damage.

As for Plaintiff's arguments contained in subparagraphs F through G of his state court petition, Plaintiff does not address these arguments in his objections. Finally, Plaintiff concedes that the remaining claims "(e.g., invasion of privacy and emotional distress) . . . require[e] more specific factual detail" and requests that he be granted leave to amend. For these reasons, the Court accepts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (R. Doc. 20) is **ADOPTED**, and that Plaintiff's objections (R. Doc. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Rule 12(b)(6) Motion to Dismiss (R. Doc. 11) filed by Defendant, AT&T Services, Inc., is **GRANTED**, and that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff shall be allowed **30 days** within which to amend his Complaint pursuant to Fifth Circuit case law.[35]

**IT FURTHER ORDERED** that all pretrial and trial dates and deadlines, including the status conference presently set for June 10, 2026, are hereby **CANCELED**. The Clerk's Office shall notify Plaintiff, Freddie Wagner, of this Order via his email address as provided in Record Document 23: wagnerfreddie@gmail.com.

---

[34] R. Doc. 21 at 7.
[35] *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017).

New Orleans, Louisiana, this 9th day of June 2026.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**